UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 11-43051-BKC-RAM |
| JORGE MORERA, | CHAPTER 7 |
|     Debtor. _____/ | |
| MARCIA T. DUNN, as Chapter 7 Trustee for the bankruptcy estate of Jorge Morera, | ADV. NO. 12-01848-RAM |
|     Plaintiff, v. | |
| JORGE MORERA, individually and as Co-Trustee of the Morera Living Trust, GEMMA MORERA, individually and as Co-Trustee of the Morera Living Trust, and the MORERA LIVING TRUST, | |
|     Defendants. _____/ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 11]**

Plaintiff, Marcia T. Dunn, the Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Jorge Morera (the "Debtor"), by and through undersigned counsel, hereby files this Response in Opposition to the Motion for Judgment on the Pleadings (the "Motion") (ECF No. 11) filed by the Debtor, Gemma Morera ("Gemma") and the Morera Living Trust (the "Trust") (collectively, the "Defendants") and in support thereof the Trustee states as follows:

**PRELIMINARY STATEMENT**

The Trustee's Amended Complaint alleges the following facts which are deemed admitted for the purposes of the Motion. The Debtor is a former Florida real estate developer

that resides in Coral Gables, Florida.  In 2007 the real estate market in Florida collapsed.  The Debtor's real estate investments were in jeopardy, for among other reasons (i) property values were declining at record levels, (ii) obligations were coming due, (iii) the bank's were not extending their terms, and (iv) credit became unavailable to end-purchasers seeking to secure financing. Between late-2008 and early-2011, during a period in which the Debtor's financial obligations were coming due and while his creditors were in "hot pursuit" the Debtor employed an elaborate scheme, with professional advice, to defraud his numerous creditors by transferring his non-exempt property into exempt property.  On November 30, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").  Following the commencement of the Debtor's bankruptcy case, the Trustee, commenced the instant action to, among other things, avoid and recover four (4) categories of fraudulent transfers and object to the Debtor's homestead exemption.  The transfers primarily at issue are illustrated as follows:

| **Initial Transfers** | | | **Subsequent Transfers** | |
|---|---|---|---|---|
| *Transfer 1* | | | *Transfer 2* | |
| Debtor's property | → | Joint Account (claimed as TBE) | → | Homestead |
| *Transfer 3* | | | *Transfer 4* | |
| Debtor's property | → | Trust Account (claimed as TBE) | → | Homestead |

After admitting essentially every factual allegation set forth in the Trustee's Amended Complaint, the Defendants filed the Motion seeking a judgment denying the relief requested. The Motion is premised on the Debtor's <u>sole</u> affirmative defense, that even if he has intentionally

converted his nonexempt assets into an exempt asset with the intent, to hinder, delay or defraud his creditors the funds at issue were ultimately transferred to the Debtor's homestead (the "Homestead"), and therefore, the Trustee and the Debtor's creditors are without a remedy. The Debtor has it all wrong.

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Among other revisions to the Bankruptcy Code, BAPCPA added § 522(o)(4) to close the very loophole upon which the Defendants rely in this case. Under § 522(o), a debtor's homestead exemption may be reduced to the extent that the value of the homestead is attributable to property disposed of by the debtor, with the intent to hinder, delay or defraud his creditors during the 10 year period immediately preceding the petition date. Glaringly absent from Defendants' Motion is any mention of § 522(o).

Moreover, the Motion is misplaced because this adversary proceeding is not solely about recovering transfers into the Debtor's Homestead. By this adversary, the Trustee also challenges the Debtor's claims of homestead and tenancy by the entireties <u>and</u> seeks a money judgment against the Debtor's spouse, Gemma and the Trust as recipients and/or beneficiaries of a series of transfers made by the Debtor with the intent to hinder, delay or defraud his creditors. For the reasons set forth herein, the Defendants' Motion should be denied in its entirety. This Court should instead enter a judgment in the Trustee's favor.

## <u>LEGAL ARGUMENT AND CITATION TO AUTHORITIES</u>

### A.  Under 11 U.S.C. § 522(o) the Equity in the Homestead Is Not Exempt

By the Motion, Defendants first seek a judgment on the pleadings in connection with Counts VI and XII objecting to the Debtor's homestead exemption under § 522(o) of the Bankruptcy Code, Count XIV for an equitable lien on the Homestead, and Count XVI Objecting

to the Debtor's personal property exemption.[1] Defendants' motion relies entirely on *Havoco of America, Ltd v. Hill*, 197 F.3d 1135, 144 (11th Cir. 1999). In *Havoco* the Eleventh Circuit Court of Appeals affirmed the Florida Supreme Court's ruling that a homestead acquired with non-exempt assets transferred with the intent to hinder, delay or defraud creditors does not overcome the Florida homestead exemption. *Havoco of America, Ltd. v. Hill (In re Hill)*, 790 So.2d 1018, 1028 (Fla. 2001). Thus, the Defendants' <u>sole</u> legal position is that the Trustee's claims are barred by *Havoco*, because the transfers at issue were ultimately transferred into their homestead property.

Defendants fail to recognize, however, that 11 U.S.C. § 522(o) was enacted in direct response to *Havoco*. Section 522(o) of the Bankruptcy Code states that:

> real or personal property that the debtor … claims as a homestead; shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor that the debtor could not exempt …

11 U.S.C. § 522(o)(4). Since the enactment of BAPCPA, courts in this jurisdiction have ruled that § 522(o) preempts Florida law and a debtor's homestead is not protected to the extent it was acquired by non-exempt assets transferred with the intent to hinder, delay or defraud a debtor's creditors.

For example, *In re Garcia*, Case No 09-33208-LMI, 2010 WL 2697020 at *5 (Bankr. S.D. Fla. July 6, 2010) (Isicoff, J.), involved a case where the debtors used their non-exempt assets from a real estate investment to purchase their homestead prior to filing bankruptcy. *Id*. at *2. The trustee objected to the debtors' homestead exemption under § 522(o) to the extent non-

---

[1] The Debtor clearly misunderstands the Trustee's objection to the Debtor's personal property exemption. The Trustee's objection in count XVI is premised upon the Debtor's exemption of all of his personal property. While the Debtor seeks to exempt $6,022.50 of his personal property, he is only entitled to a $1,000 exemption under Article X § 4(a)(2).

exempt proceeds from the debtors' investments were used to purchase the debtors' homestead. *Id*. at *3. The debtors responded seeking a judicial determination that under *Havoco*, the debtors are permitted to convert non-exempt property to exempt property, even with the intent to hinder, delay or defraud their creditors. *Id*. at *3. In *Garcia*, the court ruled in favor of the trustee and against the debtors finding that the "virtually limitless homestead law prompted the enactment of section 522(o)" and "by virtue of the Supremacy Clause, 11 U.S.C. § 522(o) preempts Florida's constitutional homestead exemption." *Id*. at *5. The court in *Garcia* noted that the "state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code." *Id*.

Similarly, in *In re Osejo*, 447 B.R. 352 (Bankr. S.D. Fla. 2011) (Olson, J.), the debtor liquidated her non-exempt securities and used the proceeds to purchase a homestead. *Id.* at 353. The trustee objected to the debtor's homestead exemption under § 522(o), on the grounds that the homestead was acquired with non-exempt property with the intent to hinder, delay or defraud the debtors' creditors. *Id*. In opposition, the debtor argued that "Florida has taken a policy stance with its generous homestead exemption, and Congress has deferred to the states such that the Trustee cannot use 11 U.S.C. § 522(o)(4) to impinge upon the Debtor's state law exemption." *Id*. at 354. Relying in part on *Garcia*, the court in *Osejo,* found the debtor's argument "meritless." *Id*. After evaluating the nature and circumstances of the transfer, the court sustained the § 522(o) objection to the homestead exemption. *Id*. at 355.

Moreover, the case law cited by the Defendants supports the Trustee's position that *Havoco* does not bar the Trustee's § 522(o) objection. For example, Defendants cite to *In re Champalanne,* 425 B.R. 707 (Bankr. S.D. Fla. 2010) (Hyman, C.J.), a case involving a debtor who purchased real property in Orange County, California. *Id*. at 709. Following, a default of

the debtor's obligations under a loan agreement, the debtor transferred the California property to a living trust that he shared with his wife for no consideration. *Id*. The trust sold the California property and the sale proceeds were used to purchase the debtor's homestead. *Id*. Following the debtor's bankruptcy petition, the trustee filed a six count complaint seeking to recover the transfers to the trust and the use of the sale proceeds to purchase the debtor's homestead. *Id*. The trustee also sought the imposition of a constructive trust. *Id*. However, as the court noted, the trustee did <u>not</u> object to the debtor's homestead exemption under § 522(o). *Id*. Shortly after the trustee filed his complaint, the defendants moved for judgment on the pleadings. *Id*. The court held that in the context of a fraudulent conveyance action, subsections (o) and (p) of § 522 do not supersede *Havoco*. *Id*. at 712. <u>However</u>, the court recognized that the trustee's "proper remedy" would have been to object to the debtor's homestead exemption under § 522(o) or (p). *Id*. The Court also found that subsections (o) and (p) of § 522, "provide the trustee with grounds to object to a debtor's homestead exemption claim and, if successful, decrease the amount that a debtor may claim as exempt." *Id*. As a result of the trustee's failure to object to the homestead exemption under § 522(o), the court dismissed the claims for equitable lien or constructive trust on the homestead. *Id*. at. 713. But the court also found that the trustee's complaint properly stated a claim <u>for monetary damages</u> against the debtor's wife and his living trust and declined to dismiss the trustee's counts for fraudulent transfer. *Id*. at 713.

      The court's finding in *Champalanne* underscores the Trustee's legal position. Not only did Judge Hyman find that § 522(o) provides a basis to object to the homestead exemption despite the Florida Supreme Court's ruling in *Havoco*, his ruling supports the Trustee's position that a fraudulent transfer claim for monetary damages in conjunction with a § 522(o) objection is

a proper alternative remedy for recovery in such circumstances. *Id*. Accordingly, the Trustee requests that the court deny the Motion with respect to counts VI, XIII, XIV and XVI.

### B. The Subsequent Transfers to the Homestead Provide the Trustee a Basis to Object to the TBE Exemption and to Obtain Monetary Relief from Gemma

The Motion also seeks a judgment on the pleadings on Counts IV, V, X and XII, which seek to avoid the subsequent transfers from the Debtor's joint account to the Homestead and the transfers from the Trust to the Homestead as fraudulent asset conversions under Chapter 222 and as fraudulent transfers under Chapter 726 of the Florida Statutes. Again, the basis for the Defendants' motion for a judgment on the pleadings with respect to counts IV, V, X and XII is *Havoco*, *i.e.*, the Trustee is barred from recovering transfers of non-exempt property into exempt homestead property. The Defendants' analysis is flawed in a number of respects.

First, counts IV and X allege fraudulent transfers under the Florida Statutes and seek monetary damages from the Debtor's spouse, Gemma. These counts do not seek recovery from the Homestead. Counts IV and X are an alternative to 11 U.S.C § 522(o). Indeed, counts IV and X, are asserted exclusively against Gemma for recovery of the transfers. (*See* ECF No. 5 at pp. 15 and 24).

Second, Counts IV, V, X and XII, also serve as a means for the Trustee to avoid the tenancy by the entireties ("TBE") exemption claimed on the Debtor's Bankruptcy Schedule C for the Homestead. *See In re Davis*, 403 B.R. 914, 921 n.4 (Bankr. M.D. Fla. 2009) (creditors objected to debtor's homestead exemption under § 522(o)(4) were barred from recovery because the TBE exemption remained intact and the creditors did not seek to avoid the exemption prior to the expiration of the statute of limitations).

Finally, Defendants' reliance on *In re Potter*, 320 B.R. 753 (Bankr. M.D. Fla. 2005) is also misplaced. At the outset, *Potter* was decided on January 18, 2005, approximately 3 months

prior to BAPCPA being signed into law and prior to Congress closing Florida's unlimited homestead loophole by § 522(o)(4). But even the reasoning in *Potter* supports the Trustee's legal position here. In *Potter*, the court found that the trustee could not use his strong arm powers to avoid a transfer of non-exempt funds into a constitutionally-created exempt property, such as homestead. *Id*. at 758. However, the court in *Potter* also found that the trustee "cannot indirectly attack the exempt nature of homestead property via a fraudulent transfer action <u>when she cannot directly attack the nature of the exemption itself</u>." *Id*. at 759 (emphasis added). After BAPCPA, § 522(o) gave the trustee a basis to directly attack the debtor's homestead exemption to the extent its value is attributable to property transferred with the intent to hinder, delay or defraud a debtor's creditors. Here, the Trustee has a basis to object to the Debtor's homestead exemption itself – 11 U.S.C. § 522(o)(4), which clears the path for the Trustee to avoid the TBE exemption on the Homestead.

In sum, *Havoco* does not bar the Trustee's fraudulent transfer claims set forth in counts IV, V, X and XII because (i) the claims for money damages are permissible notwithstanding the homestead exemption and (ii) once the homestead exemption is limited under § 522(o) the Trustee may use the fraudulent transfer statutes to avoid the transfers creating the TBE exemption for the Homestead.

### C. The Initial Transfers to the Joint Account and the Trust May be Avoided

Finally, Defendants request a judgment on the pleadings on Counts I, II, III, VII and IX,[2] which seek the avoidance of the initial fraudulent transfers of the debtor's non-exempt property into the Trust and the joint bank accounts. Defendants erroneously argue that the Trustee is somehow barred from avoiding the initial transfers because the subsequent transfers were to the

---

[2] Count I of the Complaint seeks the avoidance and recovery of the Debtor's membership interest in Ryke Investments LLC from Gemma. The Trustee alleges no subsequent transfer of this asset to the Homestead. Thus, Defendants fail to provide any basis whatsoever for a judgment on the pleadings with respect to Count I.

Debtor's Homestead.  Even if Defendants were correct, that *Havoco* somehow bars the Trustee from recovery from the Homestead, *Havoco* still does not bar the Trustee from recovering money damages against Gemma and the Trust for the initial transfers.

> Chapter 726 of the Florida Statutes provides as follows:
>
> In an action for relief against a transfer or obligation under 726.101 – 726.112, a creditor … may obtain: (a)  Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (b)  An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law …

Fla. Stat. 726.108(1).  Furthermore, Chapter 726 also provides that "to the extent a transfer is *voidable* in an action by a creditor … the creditor may recover judgment for the value of the assets transferred … or the amount necessary to satisfy the creditor's claim, whichever is less." Fla. Stat. § 726.109(2) (emphasis added).   In this case, because the initial transfers are *voidable*, the Trustee may recover a money judgment, if she so elects.

In *Dowling v. Davis*, 295 Fed. Appx. 322, 323 (11th Cir. 2008), a non-bankruptcy proceeding where a § 522(o) objection was not at issue, the Eleventh Circuit addressed the very arguments that the Defendants raise in their Motion.  Specifically, the defendants in *Dowling* argued that the creditor was barred from recovering an initial transfer into a debtor's tenancy by the entireties bank account because the subsequent transfer made three days later to the debtor's constitutionally protected homestead could not be avoided. *Id.* at 323.  Relying on Fla. Stat. §§ 726.108 and 109, the court outright rejected the defendants' argument and held that:

> the initial transfer into the tenancy by the entirety is a different transfer than the transfer of funds out of that account to purchase the homestead three days later … [t]he mere fact that the latter transfer was not actually avoided, and could not be because of Florida's constitutional homestead exemption, says nothing about whether the transfer into the tenancy by the entirety was voidable.

*Dowling*, 295 Fed. Appx. at 323.  Thus, according to the Eleventh Circuit, the Trustee is permitted to do exactly what she has done here – seek alternative monetary relief against an initial transferee.  Furthermore, the plain language of the Bankruptcy Code specifically authorizes the trustee to "recover for the benefit of the estate, the property transferred, <u>or</u>, if the court so orders, <u>the value of such property</u>, from - (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; <u>or</u> (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550 (emphasis added).  Accordingly, Defendants' Motion should be denied with respect to Counts I, II, III, VII and IX.

## CONCLUSION

WHEREFORE, Marcia T. Dunn, the Chapter 7 Trustee respectfully requests the entry of an Order: (i) denying the Defendants' Motion in its entirety; (ii) granting a judgment in favor of the Trustee on all counts; and (iii) granting such other and further relief that is just and proper.

    Respectfully submitted,

    BAST AMRON LLP
    *Counsel for Chapter 7 Trustee*
    One Southeast Third Avenue, Suite 1440
    Miami, FL 33131
    Telephone:  305.379.7904
    Facsimile:   305.379.7905
    Email: bamron@bastamron.com
    Email: medelboim@bastamron.com


    By: */s/ Morgan B. Edelboim*
        Brett M. Amron (FBN 148342)
        Morgan B. Edelboim (FBN 040955)

...

...

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available and/or via U.S. Mail upon those parties not registered to receive electronic notice as indicated on the attached service list on this the 28th day of December, 2012.

By: /s/ *Morgan B. Edelboim*
Morgan B. Edelboim, Esq.

## SERVICE LIST

**Via CM/ECF**

- Morgan B. Edelboim    medelboim@bastamron.com, kparrales@bastamron.com;jmiranda@bastamron.com
- Joe M. Grant    jgrant@marshallgrant.com, efile@marshallgrant.com

**Via U.S. Mail**

Bernard D. Stein, Esq.
Law Office of Bernard Dane Stein, P.A.
200 S. Biscayne Blvd., #3200
Miami, FL 33131